## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTIAN PATRICK** <br> Inmate No. LN9931 <br> 153 Woodland Dr <br> Marienville, PA 16239 <br><br> Plaintiff <br> v. <br><br> **JESSAMINE HEALTHCARE, INC.** <br> 3340 Perimeter Hill Drive <br> Nashville, TN 37211 <br><br> and <br><br> **JESSAMINE HEALTHCARE, INC. d/b/a CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC** <br> 3340 Perimeter Hill Drive <br> Nashville, TN 37211 <br><br> and <br><br> **CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC** <br> 3340 Perimeter Hill Drive <br> Nashville, TN 37211 <br><br> and <br><br> **DR. DELDIANO** <br> Individually and in her official capacity as doctor <br> JESSAMINE HEALTHCARE, INC./CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC <br> 3340 Perimeter Hill Drive <br> Nashville, TN 37211 <br><br> and <br><br> **NURSE RAJU** <br> Individually and in her official capacity as nurse | CIV. ACTION NO. 1:23-cv-00352 <br><br> **Jury Trial Demanded** |

| | |
|---|---|
| JESSAMINE HEALTHCARE, INC./CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC<br>3340 Perimeter Hill Drive<br>Nashville, TN 37211<br><br>and<br><br>**KIM SMITH**<br>Individually and in her official capacity as Head Nurse<br>JESSAMINE HEALTHCARE, INC./CORRECT CARE SOLUTIONS, LLC/ WELLPATH, LLC<br>3340 Perimeter Hill Drive<br>Nashville, TN 37211<br><br>            Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## FIRST AMENDED COMPLAINT

1. Plaintiff, Christian Patrick, is an adult male, currently in custody at Department of Corrections d/b/a SCI Forest, inmate number LN9931. At all times material, Plaintiff was incarcerated at SCI Forest.

2. Defendant Jessamine Healthcare Inc. d/b/a Wellpath LLC, formerly known as Correct Care Solutions, LLC, (collectively "Wellpath") are Pennsylvania limited liability, for profit corporations doing business at all times pertinent to this Complaint, inter alia, at the above captioned facility. At all times material to the allegations of this Complaint Wellpath, a vendor, contracted with the DOC for the provision of medical and health services, and was responsible for providing prison health services and appropriate and timely care and treatment to inmates, and generally protecting the medical welfare of inmates at various facilities in Pennsylvania, including at all the state correctional institutes, where plaintiff has been housed.

3. Defendant, Dr. Deldiano ("Deldiano"), is an adult individual who, at all times material herein, acted individually in his official capacity as Doctor for Wellpath at Forest.

4. Defendant, Nurse Raju ("Raju"), is an adult individual who, at all times material herein, acted individually in her official capacity as Nurse for Wellpath at Forest.

5. Defendant, Head Nurse Kim Smith ("Smith"), is an adult individual who, at all times material herein, acted individually in her official capacity as Head Nurse for Wellpath at Forest.

## JURISDICTION AND VENUE

6. The above paragraphs are incorporated herein by reference.

7. Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred in this judicial district.

## OPERATIVE FACTS

9. The above paragraphs are incorporated herein by reference.

10. On or around January 9, 2022, while an inmate at Forest, Plaintiff was out in the yard when he slipped and felt a pop and intense pain in his left knee.

11. Immediately after the fall, Plaintiff was sent to medical.

12. Defendant Deldiano informed Plaintiff that it was probably nothing too serious.

13. Medical provided Plaintiff with pain medication and crutches while awaiting an x-ray.

14. Defendant Deldiano also provided Plaintiff with a cortisone shot.

15. Several days after the injury, when Plaintiff was still having difficulty walking, Plaintiff had his crutches taken away by Defendant Raju.

16. He was also moved to a cell on top tier.

17. Plaintiff had no choice but to comply with moving to top tier, for fear that if he did not, he would be sent to the restricted housing unit.

18. Following the incident, Plaintiff experienced severe leg, knee pain and had trouble walking.

19. Plaintiff made numerous requests to see medical but was ignored.

20. Additionally, Plaintiff submitted multiple grievances to receive diagnostic testing to determine the extent of his injuries.

21. On or around May 23, 2022, Plaintiff was finally seen at Kane Hospital and received an MRI on his left knee.

22. Plaintiff was told by the nurse at the Kane Hospital that she thought his knee was badly injured.

23. However, Plaintiff did not see a doctor at the hospital and was informed that someone from the jail would speak to him. Plaintiff was not checked up on for weeks after being seen at the hospital.

24. When Plaintiff finally was seen again by medical, Nurse Dorrian confirmed that Plaintiff has suffered a meniscus tear.

25. On or about March 7, 2023, over a year after his fall, Plaintiff received surgery to fix the torn meniscus in his left knee.

26.  Plaintiff's surgery was performed by Dr. David Smith at Clarington Hospital.

27. While undergoing surgery, Dr. Smith found that Plaintiff also suffered from an ACL tear in his left knee.

28. Dr. Smith informed Plaintiff that he would need an additional surgery to fix the ACL tear.

29. Dr. Smith gave Defendants specific instructions following Plaintiff's surgery. However,

Defendants Deldiano, Raju, and Smith ignored them. The instructions included:

1. Keep Plaintiff's leg propped with ice and a hot pack;

2. Provide Plaintiff with blood thinners in case of a blood clot immediately after surgery (Plaintiff was eventually provided with blood thinners over a week after surgery); and

3. Provide Plaintiff with physical therapy.

30. Upon information and belief, Defendants have a policy, practice, or custom, including failing to render proper medical treatment to prisoners, including failing to give adequate, correct or timely treatment, knowing of excessive risks to prisoners' health, and disregarding those risks by failing to take reasonable measures to address the risks, and failing to provide humane conditions of confinement.

31. Upon information and belief, Defendant Deldiano in conjunction with Defendant Smith were the ultimate decision makers regarding the aforesaid policy, practice, or custom.

32. In or around July or August 2023, Plaintiff filed a grievance pertaining to his delayed treatment and necessary ACL repair.

33. On or about September 1, 2023, Plaintiff ultimately received surgery to repair his torn ACL.

34. Plaintiff was told by the hospital that he would require extensive physical therapy following his ACL surgery.

35. To date, Plaintiff has not received any physical therapy.

36. Plaintiff continues to have a lot of pain and the functionality of his left knee will continue to be affected in the future.

37. On or around September 19, 2023, Defendants took away the pillow that propped Plaintiff's leg up.

38. Plaintiff is now forced to use bunched up clothing/bedding to prop up his leg.

39. Plaintiff still suffers from numbness in his left leg and pain in his quad area. Plaintiff's left

remains very swollen.

40. Upon information and belief, physical therapy is necessary to improve the aforementioned symptoms.

41. Plaintiff has suffered and continues to suffer severe physical and emotional distress as a result of Defendants' conduct.

## COUNT I.
### VIOLATION-FAILURE TO PROVIDE MEDCIAL CARE/FAILURE TO KEEP SAFE/ CRUEL AND UNUSUAL PUNISHMENT/DELIBERATE INDIFFERENCE
*VIOLATIONS OF 4th, 8th, and 14th AMENDMENTS*

42. The above paragraphs are incorporated herein by reference.

43. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

44. Defendants failed to provide the appropriate medical care to Plaintiff.

45. Defendants failed to provide the appropriate diagnostic tests to Plaintiff.

46. Defendants' actions stated above, inter alia, were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

47. Defendants caused Plaintiff to suffer cruel and unusual punishment in violation of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

## COUNT II.
## MONELL

48. The foregoing paragraphs are hereby incorporated herein by reference.

49. Upon information and belief, Defendants have a policy, practice, or custom, including failing to render proper medical treatment to prisoners, including failing to give adequate, correct or timely treatment, knowing of excessive risks to prisoners' health, and disregarding those risks by failing to take reasonable measures to address the risks, and failing to provide

humane conditions of confinement.

50. Plaintiff suffered harm due to the Defendants' conduct.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, plus injunctive relief.

**WEISBERG LAW**

/s/ David A. Berlin
David A. Berlin, Esquire
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTIAN PATRICK** : | CIV. ACTION NO. 1:23-cv-00352 |
| Plaintiff : | |
| v. : | **Jury Trial Demanded** |
| **JESSAMINE HEALTHCARE, INC., et al.** : | |
| Defendants. : | |

# CERTIFICATE OF SERVICE

I, David A. Berlin, Esquire, hereby certify that on this 23rd day of February 2024, a true and correct copy of the foregoing First Amended Complaint was served upon all parties of record:

Benjamin M. Lombard, Esquire
blombard@wglaw.com
Samuel H. Foreman, Esquire
sforeman@wglaw.com
WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY, LLP
Six PPG Place, Suite 1130 Pittsburgh, PA 15222
(412) 281-4541

Jorden P. Colalella, Deputy Attorney General
PA Office of Attorney General
Civil Litigation Section
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222
Counsel for DOC Defendants

                                                          **WEISBERG LAW**

                                                         /s/ David A. Berlin
                                                         David A. Berlin, Esquire
                                                         Matthew B. Weisberg, Esquire
                                                         Attorneys for Plaintiff